**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00328-NYW-MDB

RICHARD ROMERO,

      Plaintiff,

v.

JOHN O. BERTAGNOLLI, D.D.S.,

      Defendant.

---

## ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (the "Recommendation"), [Doc. 56, filed June 6, 2024]. Judge Dominguez Braswell recommends granting Defendant's Motion to Dismiss, [Doc. 48, filed January 1, 2024], for failure to state a claim and dismissing with prejudice Plaintiff's Amended Prisoner Complaint, [Doc. 20, filed June 6, 2023].[1] [Doc. 56 at 1 & 9 n.3]. Plaintiff has filed an Objection to the Magistrate Judge's Recommendation, [Doc. 58], to which Defendant has filed a Response, [Doc. 64].

For the reasons below, the Court **ADOPTS IN PART** the Recommendation, which is incorporated into this Order by reference; **OVERRULES** Plaintiff's Objection; **GRANTS** Defendant's Motion to Dismiss; and **DISMISSES without prejudice** Plaintiff's Amended Complaint. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] For reasons discussed in detail below, this Court construes Mr. Romero's Amended Complaint as consisting of both [Doc. 20] and [Doc. 19]. *See infra.*

**BACKGROUND**

Plaintiff Richard Romero ("Plaintiff" or "Mr. Romero") filed his original Complaint in this civil rights action on February 3, 2023, alleging various violations of his constitutional rights under 42 U.S.C. § 1983 arising from care, or lack thereof, while he was detained as a pretrial detainee.  [Doc. 1].  On February 22, 2023, the Honorable Gordon P. Gallagher explained to Mr. Romero the standard and pleading requirements to state a cognizable Eighth Amendment claim against individual medical providers and entities. [Doc. 7].  The Court then ordered Mr. Romero to amend his Complaint.  *See* [*id.*].  It appears that the Court inadvertently entered a second order on February 24, 2023.[2] [Doc. 8].  The second Order, [Doc. 8], was returned as undeliverable on March 14, 2023, [Doc. 9], and Mr. Romero filed a Notice of Change of Address on March 20, 2023, [Doc. 20].  Two days later, Judge Gallagher ordered the Clerk of the Court to send a copy of the second Order to Mr. Romero at his new address and ordered him to file an amended prisoner complaint within 30 days after the Order.  [Doc. 11].  Plaintiff did not amend prior to the deadline to do so.

On May 22, 2023, the Honorable Kristen L. Mix issued a Recommendation to dismiss all of Mr. Romero's claims as set forth in his original Complaint, except for a claim alleging a violation of the Eighth Amendment asserted against "Defendant Bertngolis, Dentist" in his individual capacity for monetary relief.  [Doc. 18 at 10].  On June 6, 2023, Plaintiff filed, out of time, his Amended Prisoner Complaint, [Doc. 20], which incorporates by reference a contemporaneously filed "Summary" [Doc. 19].  The Court refers to

---

[2] The two Orders [Doc. 7; Doc. 8] are identical, but for their respective dates and deadlines.  *Compare* [Doc. 7], *with* [Doc. 8].

Documents 19 and Document 20 collectively as Plaintiff's "Amended Complaint." On June 21, 2023, the Honorable Lewis T. Babcock acknowledged Plaintiff's Amended Complaint. [Doc. 22 at 1 (noting the submission of "an Amended Prisoner Complaint on June 2, 2023 (ECF No. 20) that incorporates by reference a 'Summary' (ECF No. 19) he filed the same day")]. He nevertheless found that the allegations of his Amended Complaint were equally deficient; adopted Judge Mix's Recommendation in its entirety; and ordered this case reassigned to the undersigned and drawn to the Honorable Maritza Dominguez Braswell for all further proceedings.[3] [Id. at 2–3].

Plaintiff's remaining claim is asserted under the Eighth Amendment against the only remaining defendant in this action, John O. Bertagnolli, D.D.S. ("Defendant"). See [id. (assigning an Eighth Amendment claim against Defendant in his individual capacity to the undersigned pursuant to D.C.COLO.LCivR 40.1(d))]; see also [Doc. 20 at 6 (requesting relief "for pain & suffering and cruel and unusal punishment" against Defendant for damaging the inside of his mouth and leaving him with "a gum infection as well as excruciating pain")]. Plaintiff alleges that, after his tooth became infected, he submitted several kites requesting dental care but did not receive treatment until months later. [Doc. 1 at 5–6; Doc. 19 at 2–3]. According to Plaintiff, in late November 2021, Defendant, a dentist, extracted Plaintiff's tooth in "an angry and aggressive manner," causing "damage[] [to] the inside of [Plaintiff's] uper mouth with his dental instrument,"[4] and left "a peace of tooth or bone" in Plaintiff's mouth, thereby causing significant pain.

---

[3] Although Judge Babcock did not expressly state, this Court construes Judge Babcock's Order as directed at the Amended Complaint. [Doc. 19; Doc. 20].

[4] Consistent with the principle of reading a pro se litigant's submissions liberally, the Court will quote from Mr. Romero's filings without the use of [sic] or the correction of spelling or syntax.

[Doc. 1 at 6; Doc. 19 at 3]. Following the extraction, the area remained infected. [Doc. 1 at 7; Doc. 19 at 4]. But despite filing additional medical kites complaining of the infection, Plaintiff did not receive any medical attention. [Doc. 1 at 7; Doc. 19 at 4]. In January 2023, a Boulder County Jail dentist informed Plaintiff that his tooth was still infected and that his upper mouth tissue had been damaged by the extraction. [Doc. 1 at 7; Doc. 19 at 4].

Defendant moved to dismiss the Amended Prisoner Complaint [Doc. 20] for lack of jurisdiction and failure to state a claim. *See generally* [Doc. 48]. Mr. Romero did not file a response. The Court referred the Motion to Dismiss to Judge Dominguez Braswell, *see* [Doc. 50], who issued the instant Recommendation on June 6, 2024.

## LEGAL STANDARDS

### I.    Pro Se Litigants

Plaintiff is proceeding pro se. As such, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). Mr. Romero's pro se status does not exempt him from complying with the procedural and substantive rules

4

that govern all claims.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th

Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## II.    Magistrate Judge Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation that is properly objected to.  An objection is proper

only if it is sufficiently specific "to focus the district court's attention on the factual and

legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d

1057, 1060 (10th Cir. 1996).  "In the absence of timely objection, the district court may

review a [magistrate judge's] report under any standard it deems appropriate."  *Summers*

*v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## ANALYSIS

In the Recommendation, Judge Dominguez Braswell recommends that the Motion

to Dismiss be granted because Plaintiff's Amended Prisoner Complaint fails to allege

facts to support a finding that Defendant had the requisite knowledge or conscious

disregard of a substantial risk to Plaintiff's health or safety to state a claim under the

Eighth Amendment.  [Doc. 56 at 8].  The Recommendation also recommends that

Plaintiff's Amended Prisoner Complaint be dismissed with prejudice because Plaintiff

(1) previously had the opportunity to amend his Complaint but elected to remove rather

than enhance allegations from his original Complaint in the operative Amended Prisoner

Complaint; and (2) failed to respond to Defendant's Motion to Dismiss.  *See* [*id.* at 9 n.3].

## I.    Plaintiff's Objection

An objection is "proper" only if it is both timely and specific.  *One Parcel of Real*

*Prop.*, 73 F.3d at 1059–60.  A specific objection "enables the district judge to focus

attention on those issues—factual and legal—that are at the heart of the parties' dispute."
*Id.* at 1059 (quotation omitted).  Here, Mr. Romero's Objection is timely but not specific, and provides in its entirety:

> I the defendant of this case is asking the court to proceed with this case and not to grant the defendant motion to dismiss . . . cause I've sent in motions to be granted and waiting for the judge to grant these motions so I can proceed with this case.

[Doc. 58 at 1].  In response to the Objection, Defendant argues that Mr. Romero "makes no substantive argument and provides no information that suggests that the Court should not dismiss the case as recommended."  [Doc. 64 at 1].  The Court respectfully agrees with Defendant insofar as it finds that Mr. Romero fails to offer any specific basis for objection to Judge Dominguez Braswell's Recommendation.  Accordingly, the Court **OVERRULES** Plaintiff's generalized Objection.

## II.    Review for Clear Error on the Face of the Record

Given the absence of a specific objection, the Court may review the Recommendation under any standard it deems appropriate.  *See Summers*, 927 F.2d at 1167; *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

6

***Operative Amended Complaint.***    Before turning to the substance of the Recommendation, this Court pauses to discuss the operative Amended Complaint.  The Motion to Dismiss and Recommendation refer only to Document 20 as the operative Amended Prisoner Complaint in this case and assert that the Amended Prisoner Complaint omits allegations that were included in the original Complaint.  *See* [Doc. 56 at 2 n.2 ("Upon review, the operative Amended [Prisoner] Complaint contains significantly less detail than the original complaint." (citing [Doc. 20])); *id.* at 9 n.3 (noting that Plaintiff "removed" allegations from his original Complaint in formulating the operative Amended Prisoner Complaint); Doc. 48 at 4 (asserting that documents in the original Complaint "do not appear in [the Amended Prisoner Complaint]")].  Consistent with Judge Babcock, this Court concludes that the Amended Complaint is properly comprised of both the Amended Prisoner Complaint, [Doc. 20], and the Summary incorporated by reference, [Doc. 19].

The Recommendation does not include any reference to the Summary or Document 19.[5]   Even so, the Motion to Dismiss and Recommendation considered substantively identical allegations in the original Complaint when considering Defendant's Rule 12(b)(6) arguments for dismissal of the Amended Prisoner Complaint.  *See, e.g.*, [Doc. 48 at 4 ("Although 'Items' A and B do not appear in Doc. 20 and were not provided with what Dr. Bertagnolli was served, documents with these titles appear in Doc. 1.  *See* Fed. R. Civ. P. 10(c).  Even if these items are incorporated into plaintiff's amended complaint, they are insufficient to meet the *Twombly* pleading standard."); Doc. 56 at 8 ("Plaintiff has not sufficiently alleged that Defendant knew of the severity of Plaintiff's

---

[5] Defendant's Motion to Dismiss also fails to reference the Summary or Document 19 whatsoever.  *See generally* [Doc. 48].

dental condition but intentionally ignored it. This holds true even if the Court were to consider the allegations in Plaintiff's original complaint." (citation omitted)); *id.* at 2 (reciting allegations from pages 5 through 7 of the original Complaint, which are identical to allegations set forth in pages 2 through 4 of the Summary)]. In other words, the Recommendation nevertheless considered the substance of the Summary when it considered whether *identical* allegations set forth in the original Complaint would survive dismissal under Rule 12(b)(6). Accordingly, any error with respect to the definition of the operative Amended Complaint did not impact Judge Dominguez Braswell's substantive analysis on whether Mr. Romero stated a cognizable Eighth Amendment violation and was harmless. Having reviewed the Recommendation, this Court concludes that there is "no clear error on the face of the record."

**Dismissal Without Prejudice.** The Recommendation concludes that Plaintiff's remaining Eighth Amendment claim should be dismissed with prejudice.[6] *See* [Doc. 56 at 9 n.3]. The Motion to Dismiss did not request dismissal with prejudice. *See generally* [Doc. 48]. Nevertheless, a district court may dismiss a pro se complaint with prejudice if "no amendment could cure [the] defect[s]." *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001). "[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

In recommending dismissal with prejudice, the Recommendation cites *Avery v. Wade*, No. 22-4093, 2022 WL 17544077 (10th Cir. Dec. 9, 2022), for the proposition that a court has discretion to dismiss a pro se plaintiff's complaint with prejudice where

---

[6] Neither Party specifically addresses the recommendation to dismiss Plaintiff's claim with prejudice in the Objection or Response.

"amendment would be futile." [Doc. 56 at 9 n.3 (quoting *Avery*, 2022 WL 17544077, at *1)]. The Recommendation also notes that Plaintiff (1) previously had the opportunity to amend his complaint but reduced, rather than added, to his factual allegations, and (2) failed to respond to Defendant's Motion to Dismiss. *See* [*id.*]. The Court respectfully declines to order dismissal with prejudice at this juncture.[7]

**However, to the extent that Plaintiff seeks to file an amended pleading, he must file an appropriate motion seeking leave to amend no later than September 23, 2024. Any future motion seeking leave to amend must expressly address**

---

[7] The Court reaches this conclusion for three reasons. First, it finds these circumstances distinguishable from the circumstances presented in *Avery*. The magistrate judge in *Avery* ruled that the pro se plaintiff's complaint was frivolous because he made fanciful and delusional allegations about "narco-terrorists attacking him with space lasers." 2022 WL 17544077, at *1–2. The Tenth Circuit found that these allegations were "[c]learly baseless," "fantastic," and "delusional," and could never support a claim, even if the plaintiff amended other deficiencies in his complaint. *Id.* at *2 (alteration in original). Accordingly, the lower court found that amendment would be futile and dismissed the plaintiff's claims with prejudice under Rule 12(b) and 28 U.S.C. § 1915(e)(2)(B). *Id.* The Tenth Circuit affirmed, holding that the district court did not abuse its discretion in dismissing the plaintiff's claims with prejudice because the claims raised "indisputably meritless legal theories." *Id.* at *2–3 (alteration and quotation omitted). Here, upon review of the filings and the docket in this case, the Court cannot conclude that Plaintiff's claim is "frivolous," "clearly baseless," or "indisputably meritless," *see id.*, such that dismissal with prejudice is warranted. Nor can the Court conclude that the identified deficiencies in the Amended Complaint are incurable, insofar as Plaintiff's ability to allege facts showing knowledge or conscious disregard to establish the subjective component of his Eighth Amendment claim is not necessarily foreclosed by the allegations in the Amended Complaint. Second, consistent with the discussion regarding the contours of the Amended Complaint, *see supra*, the Court respectfully disagrees with the Recommendation's conclusion that Plaintiff "removed information" from his original Complaint. *See* [Doc. 56 at 9 n.3]. Third, Plaintiff's failure to respond to the Motion to Dismiss is not a concession of his claim, *Fournerat v. Wis. L. Rev.*, 420 F. App'x 816, 819–20 (10th Cir. 2011) (finding that the district court erred in deeming the defendants' motion to dismiss confessed because the plaintiff failed to respond), and Plaintiff has otherwise participated in the litigation of this case, *see, e.g.*, [Doc. 44 (timely notice filed in response to court order); Doc. 55 (notice of change of address/contact information); Doc. 58 (timely Objection to the Recommendation)]. Taking the docket together, it appears that Mr. Romero may still be interested in pursuing the litigation further.

9

**Plaintiff's efforts to exhaust his administrative remedies under the Prison Litigation Reform Act.  This Order should not be interpreted as permission to file an amended pleading without the granting of an appropriate motion**.

**CONCLUSION**

Accordingly, it is **ORDERED** that:

(1)    The Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 56] is **ADOPTED IN PART** as explained herein;

(2)    Plaintiff's Objection to Recommendation of United States Magistrate Judge [Doc. 58] is **OVERRULED**;

(3)    The Court **CONSTRUES** the Amended Prisoner Complaint [Doc. 20] and the Summary by Plaintiff Richard Romero [Doc. 19] to together form Plaintiff's Amended Complaint;

(4)    Defendant's Motion to Dismiss [Doc. 48] is **GRANTED**;

(5)    Plaintiff Richard Romero's Amended Complaint is **DISMISSED without prejudice**;

(6)    Any motion seeking leave to amend must be **FILED** no later than **September 23, 2024** and must contain factual allegations regarding Plaintiff's exhaustion of administrative remedies under the Prison Litigation Reform Act;

(7)    If no motion to amend is filed by the Court's deadline, the Court will direct the Clerk of Court to close this case without further warning from the Court; and

10

(8)     The Clerk of Court shall mail a copy of this Order to:

Richard Romero
#P01114119
Jefferson County Detention Facility
P.O. Box 16700
Golden, CO 80402-6700

DATED:  July 29, 2024                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge

11